```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/17/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JHONEL ANTONIO ESTEVEZ FERNANDEZ,

                Plaintiff,

-against-

COWAN SYSTEMS LLC, et al.,

                Defendants.

24-CV-09730 (MMG)

**ORDER OF DISMISSAL**

MARGARET M. GARNETT, United States District Judge:

    The Court assumes familiarity with the facts and procedural history of this matter and briefly recites facts relevant to this Order. Defendants removed this personal injury action from State court on December 17, 2024. Dkt. No. 1. Plaintiff has had two attorneys appear in the case, first David S. Levy and second Scott Rynecki, who have since withdrawn their appearances. *See* Dkt. Nos. 17–19, 21. Mr. Levy "due to unforeseen circumstances" determined he could no longer represent Plaintiff. And Mr. Rynecki filed an appearance in this action (Dkt. No. 13) but shortly thereafter "[u]pon a full review of the case and the allegations" determined he "should not continue to represent" Plaintiff. Dkt. No. 18.

    On September 12, 2025, Defendants' counsel filed a letter raising allegations that suggest the present case is fraudulent. *See* Dkt. No. 14. The letter also represented that "there has been little to no prosecution of this matter," despite the case quickly approaching the one-year mark. *Id.* at 2.

    In response, the Court ordered Plaintiff to show cause. Dkt. No. 22. The Order required Plaintiff to file a letter by October 31, 2025, indicating whether he intended to continue this action and responding to the allegations of fraud. The Order required Defendants' counsel to serve Plaintiff with a copy of the Order and file proof of service. And the Order informed the parties that—absent any communication from Plaintiff as directed—the Court would dismiss the case without further notice to either party after November 13, 2025. *Id.*

    Defendants' counsel filed proof of service on October 6, 2025. *See* Dkt. Nos. 23–24. Plaintiff failed to make any communication to the Court by October 31st, and the further November 13, 2025 deadline has also passed without any communication from Plaintiff or any new counsel for Plaintiff. Accordingly, the Court will dismiss the case for failure to prosecute under Federal Rule of Civil Procedure 41(b) and under its inherent powers to protect against fraud on the Court and enforce compliance with its orders.

    Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute." Fed. R. Civ. P. 41(b). A court considering a Rule 41(b) dismissal weighs five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether the plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).[1] "No single factor is generally dispositive." *Id.* Additionally, "before dismissing a case, a district court must make a finding that the plaintiff failed to prosecute the case intentionally, in bad faith, or with reasonable fault." *Id.* at 217, 219.

The first factor favors dismissal as Plaintiff's letter was due by October 31, 2025. Complying with the letter would have been easy for Plaintiff, as the only requirement was to update the Court regarding the potential for new counsel and whether Plaintiff wished to continue with the action. Plaintiff's failure to prosecute also contravenes the Court's May 21, 2025 Order setting a September 30, 2025 deadline for fact discovery. Dkt. No. 12. Despite this, it appears that Plaintiff has neither conducted fact discovery nor moved for an extension. Dkt. No. 14. The second factor favors dismissal because the Court's Order clearly stated that the Court would dismiss this case absent word from Plaintiff by November 13, 2025 (approximately two weeks after the deadline set for Plaintiff to communicate his intentions to the Court). The third factor also favors dismissal because Plaintiff's delay in all matters related to this action is unreasonable. *Peart v. City of New York*, 992 F.2d 458, 462 (2d Cir. 1993) (reasoning that "prejudice resulting from unreasonable delay may be presumed as a matter of law"). The fourth factor is neutral because Plaintiff's delay has not produced "an extreme effect on court congestion." *Lucas v. Miles*, 84 F.3d 532, 535–36 (2d Cir. 1996). And the fifth factor favors dismissal because the Court cannot use monetary sanctions to force Plaintiff to prosecute his case. Other sanctions like the exclusion of evidence or an adverse inference, meanwhile, are inapposite given that little to no discovery has occurred.

The Court also determines that Plaintiff has intentionally decided not to participate in this case. On multiple occasions in September, Plaintiff was served with papers regarding the efforts of his counsel to withdraw, and was served with the Order on October 6, 2025. Dkt. No. 23–24. The Court provided Plaintiff over a month to respond, merely to update the Court on his intentions regarding the prosecution of this matter. Dkt. No. 22. Nevertheless, Plaintiff has not responded or communicated with the Court in any way.

Lastly, the Court has broad inherent authority to investigate fraud on the Court. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). The letter Defendant's counsel submitted raises worrying allegations of fraud. *See* Dkt. No. 14. The Court also notes that both of Plaintiff's attorneys promptly withdrew their appearances for unspecified reasons. *See* Dkt. Nos. 17 & 18. Plaintiff has offered no response controverting the allegations of fraud or requesting

---

[1] Unless otherwise indicated, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

additional time to respond. Accordingly, in addition to Plaintiff's failure to prosecute, this case is dismissed due to the uncontroverted allegations of fraud on the Court.

The Clerk of Court is respectfully directed to close this case.

Dated: November 17, 2025
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge